IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-1-BO-KS

| | |
|---|---|
| JAMES E. LAWTON,<br>          Plaintiff,<br><br>v.<br><br>CAMP LEJEUNE TOXIC WATER,<br>          Defendant. | O R D E R |

This cause comes before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Defendant also seeks dismissal for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded and the matter is ripe for ruling. For the reasons that follow, the motion to dismiss is granted and this action is dismissed without prejudice.

## BACKGROUND

On August 10, 2022, the Honoring our PACT Act of 2022 (PACT Act) was signed into law. Pub. L. No. 117-168, 136 Stat. 1759 (2022). The PACT Act addresses, among other things, tort claims related to harm caused by exposure to contaminated water at Camp Lejeune, North Carolina. This section of the PACT Act, the Camp Lejeune Justice Act (CLJA), Pub. L. 117-168, § 804, provides a new federal cause of action as follows:

> An individual, including a veteran (as defined in section 101 of title 38, United States Code), or the legal representative of such an individual, who resided, worked, or was otherwise exposed (including in utero exposure) for not less than 30 days during the period beginning on August 1, 1953, and ending on December 31, 1987, to water at Camp Lejeune, North Carolina, that was supplied by, or on behalf of, the United States may bring an action in the United States District Court for the Eastern District of North Carolina to obtain appropriate relief for harm that was caused by exposure to the water at Camp Lejeune.

*Id.* § 804(b) (CLJA § 804).

In a section denominated "Disposition by Federal Agency Required," the CLJA provides that "[a]n individual may not bring an action under this section before complying with [28 U.S.C. § 2675]." *Id.* § 804(h). Section 804(h) references 28 U.S.C. § 2675, the Federal Tort Claims Act, which states that

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). All claims under the CLJA must accrue before its date of enactment, and no CLJA claim may be commenced two years after the later of the date of enactment of the CLJA or 180 days after the denial of a claim under 28 U.S.C. § 2675. CLJA § 804(j)(2).

Plaintiff, proceeding *pro se*, commenced this action by filing a complaint on January 6, 2023. [DE 1]. Plaintiff's complaint is a single page which states that he would like to file a claim and names Camp Lejeune Toxic Water as the defendant.

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). The facts alleged in the complaint are taken as true where a defendant raises a facial challenge to subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant correctly argues that plaintiff's complaint fails to demonstrate that he has complied with the CLJA's administrative exhaustion requirement. This Court has held that "[b]efore a plaintiff may bring an action under the CLJA, he or she must first comply with the Federal Tort Claims Act (FTCA) by presenting the claim to the appropriate federal agency, here the Navy." *Pugh v. United States*, No. 7:22-CV-124-BO-BM, 2023 WL 1081262, at *4 (E.D.N.C. Jan. 27, 2023). In the absence of any allegation that plaintiff has complied with the administrative exhaustion requirement, the Court lacks subject matter jurisdiction to consider his claim.

Plaintiff has further failed to state a claim upon which relief can be granted because his complaint is devoid of any factual allegations. Plaintiff responds that he has attached medical records and documents showing that he was stationed at Camp Lejeune. Though *pro se* complaints are held to a less stringent standard, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), a court is nonetheless not required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

## CONCLUSION

Accordingly, and for the foregoing reasons, the motion to dismiss by defendant [DE 9] is GRANTED. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED, this 28 day of July 2023.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE